# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

LYNDA ESTORFFE

VERSUS

HONORABLE TOM SCHEDLER IN
HIS OFFICIAL CAPACITY AS THE
DULY ELECTED SECRETARY OF
STATE FOR THE STATE OF
LOUISIANA AND THE STATE OF
LOUISIANA

**AUGUST 20, 2020**

---

In Re:    Honorable Tom Schedler in his (then) official capacity
          as the duly eleceted Secretary of State for the state
          of Louisiana and the State of Louisiana, applying for
          supervisory writs, 22nd Judicial District Court,
          Parish of St. Tammany, No. 2018-10898.

---

**BEFORE:    McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

   **WRIT GRANTED.** The October 23, 2019, judgment denying the motion for summary judgment filed by relators, the State of Louisiana and the Honorable Tom Schedler in his (then) official capacity as the duly elected Secretary of State for the State of Louisiana, is reversed, and we hereby grant relators' motion for summary judgment and dismiss all claims asserted by Lynda Estorffe against relators.  Ms. Estorffe's claims against relators are based on the allegedly defective nature of the recoil system of voting machine number 31174 and relators' alleged negligent inspection of the recoil system.  To establish a claim of negligence under La. Civ. Code art. 2315 or a claim of strict liability under La. Civ. Code art. 2317 and La. R.S. 9:2800, Ms. Estorffe must show, among other things, that relators had actual or constructive notice of the particular defect.  See **Netecke v. State ex rel. DOTD**, 98-1182 (La. 10/19/99), 747 So.2d 489, 494 and **Clark v. East Baton Rouge Parish Department of Public Works**, 2017-1445 (La. App. 1st Cir. 4/6/18), 248 So.3d 409, 412.  It is undisputed that state employees inspected the voting machines at issue on a monthly basis, including a week prior to the April 5, 2014 election. These inspections included plugging each of the voting machines into an outlet and thereafter pulling on the electrical cords of each voting machine to ensure the cords retracted into the voting machines.  There were no reports of any defects in the recoil system of the voting machine at issue prior to the election, nor did Ms. Estorffe document any defect in the voting machine at issue at any time prior to her fall.  Absent notice of an issue with a specific voting machine's recoil mechanism upon general inspection or otherwise, relators had no independent duty to perform additional inspections of the recoiling mechanisms of every voting machine.  See **Jenkins v. Hernandez**, 2019-0874 (La. App. 1st Cir. 6/3/20), --- So.3d ---, 2020 WL 2898123 at *4.  (``In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented.'') Therefore, Ms. Estorffe cannot meet her burden of proof at trial that relators had actual or constructive notice of a defect in the recoil system in voting machine number 31174 or that

relators are liable for negligent inspection of the voting machine. See e.g., **Broussard v. Gulfport Energy Corporation,** 2018-840 (La. App. 3rd Cir. 6/5/19), 274 So.3d 613. Accordingly, we hereby dismiss all claims asserted by Ms. Estorffe against relators with prejudice.

**PMc**
**JEW**

**Holdridge, J.** concurs.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT